**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

**ILA NICOLE WOERPEL,**
individual,
Plaintiff,

Hon.
Case No.

v.

**UNRULY KITCHEN LLC,**
A Domestic Limited Liability Company,
**PAUL JACHIM**
an individual,
Defendants

| | |
|---|---|
| **AVANTI LAW GROUP, PLLC**<br>Robert Anthony Alvarez (P66954)<br>Victor M. Jimenez Jr. (P85194)<br>Attorneys for Plaintiff<br>600 28th St. SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com<br>vjimenez@avantilaw.com | |

## **PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff Ila N. Woerpel, by and through her attorneys at the Avanti Law Group, PLLC, and in her Original Complaint states as follows:

1. This is a civil action brought on behalf of Plaintiff, to recover for Defendants' willful and knowing violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*., and the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. §408.931 *et seq*.

2. During the relevant time period, Defendants failed to pay Plaintiff the minimum wage for all hours worked.

3. On more than one occasion during the relevant time period, Defendants failed to properly compensate Plaintiff in a timely manner.

4. Plaintiff seeks a declaration that her rights were violated, an award of unpaid minimum and, an award of liquidated damages, and an award of attorney's fees and costs.

## COVERAGE

5. At all material times, Defendants have been an employer within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

6. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

7. At all material times, Plaintiff was employed in an enterprise engaged in commerce, or was engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA.

8. Plaintiff was engaged in commerce either through work related to the actual movement of commerce, work that regularly uses the channels of commerce; or work related to the instrumentalities of commerce.

9. Defendants are an enterprise engaged in commerce or the production of goods for commerce as defined by the FLSA.

10. Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard of $500,000.

11. Defendants provided training to Plaintiff, controls and has knowledge of the hours to be worked by Plaintiff, directs the work of Plaintiff and Class Members and sets the compensation received by each.

## JURISDICTION AND VENUE

12. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

13. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1391.

14. Supplemental jurisdiction is appropriate because Plaintiff's state law claims share a common nucleus of operative fact with Plaintiff's federal claim and the claims are most efficiently resolved together in one court.

15. Defendants corporation's employees were either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods.

16. Plaintiff was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

17. Defendants corporation's annual sales exceed $500,000, and each Defendant employs more than two persons, so the FLSA applies in this case on an enterprise basis.

18. Defendant Unruly Kitchen LLC, is and was at all times relevant incorporated in the State of Michigan and has its principal place of business located in Muskegon, Michigan, within the United States Judicial District of the Western District of Michigan.

19. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

## PARTIES

20. Plaintiff Ila Nicole Woerpel (hereinafter referred to as "Woerpel") is an individual who at all times relevant to this complaint resided in the County of Muskegon, State of Michigan, and whose consent to sue is attached at *Exhibit A*.

21. Defendant Unruly Kitchen, LLC, (hereinafter referred to as "Unruly Kitchen") is a Michigan Corporation whose registered office is located at 360 W. Western Ave. Muskegon, MI, 49440.

22. Defendant Paul Jachim (hereinafter referred to as "Jachim") is an individual who at all times relevant to this complaint was Plaintiff's direct supervisor and employer, and and was responsible for determining Plaintiff's compensation, rate of pay, and the time of wage payments.

23. Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

24. Defendant employed Plaintiff within the meaning of M.C.L. § 408.932(b).

## GENERAL ALLEGATIONS

25. Plaintiff worked for Defendants from August 2025 as a back of house employee, performing cooking, taking orders, food service, and attending customers.

26. Plaintiff was promised compensation of $13.00 an hour in addition to tips constituting a material portion of her compensation.

27. Defendants maintained a tip jar and represented that tips in said jar were to be shared among the tipped employees.

28. On multiple occasions Plaintiff witnessed Defendant Jachim dividing tips into multiple piles, and keeping a portion of the tips for himself.

29. On one such occasion, on October 18, 2025, internal records reflected approximately $321 in tips, yet Plaintiff and a coworker each received only approximately $80, leaving a substantial unexplained remainder.

30. Defendants failed to maintain accurate payroll and tip records, including:
    a. Underreporting cash tips actually received;
    b. Issuance of handwritten checks without proper wage documentation.

31. On October 24, 2025, Plaintiff questioned Defendants regarding tip practices and wage compliance.

32. Less than ninety (90) minutes later, Plaintiff received a termination letter signed by Paul Jachim accusing her of "misconduct" and making "false accusations."

33. Plaintiff's termination was in direct retaliation for raising concerns about unlawful wage and tip practices.

34. Defendants did not properly compensate Plaintiff for all tips earned as required by the FLSA.

35. Defendants did not compensate Plaintiff for all tips earned as required by the IWOWA.

36. Defendants unlawfully retaliated against Plaintiff by terminating her for inquiring about Defendants' pay practices.

## WILLFUL VIOLATIONS OF THE FLSA

37. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by its failure to properly compensate Plaintiff for the tips she earned and was due, when Defendants knew or should have known such was due and that non-payment of those tips would financially injure Plaintiff.

38. Defendants are a sophisticated business and individual with the knowledge and expertise to know that the payment structure of its workers was and is impermissible under the FLSA.

39. Defendants utilized their business to subvert their obligations under state and federal law.

40. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to their unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., FAILURE TO PAY STATUTORY MINIMUM WAGE

41. Plaintiff hereby incorporates and realleges all the paragraphs above.

42. At all relevant times to this action, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

43. At all relevant times, Plaintiff was an "employee[s]" of Defendants as the term is defined under the FLSA.

44. At all times relevant to this action, Defendants "suffered or permitted" the Plaintiff to work and thus "employed" Plaintiff within the meaning of FLSA, 29 U.S.C. §203(g).

45. The FLSA requires an employer to pay employees the federally mandated minimum wage for all hours worked, 29 U.S.C. § 206-207.

46. Defendants failed to compensate Plaintiff at the required minimum wage for all hours worked.

47. As a result of the violation, Plaintiff is entitled to his unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

**COUNT II**
**VIOLATION OF MICHIGAN'S IMPROVED WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. §408.931 et seq., FAILURE TO PAY MINIMUM WAGE**

48. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

49. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.931, *et seq*.

50. At all relevant times, Defendants have been "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.931, *et seq*.

51. At all relevant times, Plaintiff was an "employee[s]" within the meaning of the IWOWA, M.C.L. § 408.931, *et seq*.

52. The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week. M.C.L. § 408.931

53. By failing to compensate Plaintiff at the state mandated minimum wage for hours worked, Defendants have violated the IWOWA, M.C.L. § 408.931, *et seq*.

54. As a result of Defendants' violations, Plaintiff is entitled to her unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

### COUNT III
### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §215(a)(3)
### DEFENDANTS' UNLAWFUL RETALIATION

55. Plaintiff realleges and incorporates all previous paragraphs.

56. Defendant Jachim, an agent acting on his own behalf and on behalf of Defendant Unruly Kitchen, withheld Plaintiff's wages earned and has taken action in retaliation for Plaintiff inquiring about Defendants' pay practice of not compensating them in a timely manner.

57. Defendants termination of employment constitutes unlawful retaliation under the FLSA, 29 U.S.C. §215(a)(3).

58. Defendants knowingly, willfully, maliciously, intentionally, and without justification acted to deprive Plaintiffs of her rights.

59. The above retaliatory termination was done in concert by the Defendants in the course of and within the scope of the agency relationships between them.

60. As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered and she has incurred and continues to incur expenses, including but not limited to attorneys' fees and costs.

61. Pursuant to section 216(b) of the FLSA, Plaintiff is entitled to legal and equitable relief including declaratory relief, exemplary, compensatory and punitive damages, as well as his reasonable attorneys' fees and costs.

### COUNT IV
### BREACH OF CONTRACT

62. Plaintiff realleges and incorporates herein the previous allegations as if fully restated.

63. Defendants agreed to compensate Plaintiff $13.00 an hour and the tips earned, during her employment.

64. Plaintiff performed the services required of her under this agreement.

65. Defendants failed to compensate Plaintiff at the promised rate for all the hours worked during her employment.

66. Defendants failed to uphold their end of the agreement and therefore in breach of the parties' agreement.

67. As a result of Defendants' breach, Plaintiff has suffered substantial damages, including the loss of wages.

68. Plaintiff is therefore entitled to recover her actual damages, as well as liquidated damages as provided by law.

## COUNT V
## UNJUST ENRICHMENT

69. Plaintiff realleges and incorporates herein the previous allegations as if fully restated.

70. Defendants have been unjustly enriched by receiving the benefit of Plaintiff's services without fully paying for them.

71. Plaintiff provided valuable and necessary services to Defendants' company that improved its value and functionality.

72. Defendants received the benefit of these services but have failed to pay Plaintiff for these services.

73. Plaintiff is entitled to restitution of the reasonable value of the services provided.

74. Defendants' failure to pay for the services has resulted in an unjust enrichment at Plaintiff's expense.

75. The unjust enrichment is wrongful because Defendants have not provided any consideration or compensation to Plaintiff for the valuable services rendered.

76. Plaintiff suffered financial harm as a result of Defendants' unjust enrichment, and Defendants should be required to compensate Plaintiff for this harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests the following relief:

A. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the FLSA;

B. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the IWOWA;

C. Defendants be ordered to pay Plaintiff's unpaid wages together with an equal amount in liquidated damages;

D. Order Defendants to pay all other incidental and consequential damages which are a result of Defendants' breach of contract;

E. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the FLSA;

F. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the IWOWA;

G. The Court grants such other and further relief as the Court may deem just or equitable.

Respectfully Submitted,

/s/ Robert Anthony Alvarez
Robert Anthony Alvarez (P66954)
Victor M. Jimenez Jr. (P85194)
Attorneys for Plaintiff
Avanti Law Group PLLC

## **REQUEST FOR TRIAL BY JURY**

NOW COMES Plaintiff, by and through her attorney, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

*/s/ Robert Anthony Alvarez* .
Robert Anthony Alvarez (P66954)
Victor M. Jimenez Jr. (P85194)
Attorneys for Plaintiff
Avanti Law Group PLLC